CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-5737 Kuakini Highway, Suite 102
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 322-3389
Facsimile:  (202) 204-5181
E-Mail:      kculpepper@culpepperip.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC et al. | **Case No.: 1:18-cv-192-LEK-KSC** **(Copyright)** |
| Plaintiffs, | SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; DECLARATION OF COUNSEL; DECLARATION OF MICHAEL DANLEY |
| vs. | |
| DOE 1 et al. | |
| Defendants. | |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## I.   <u>BRIEF INTRODUCTION</u>

This Court issued an order [Doc. #10] requesting Plaintiffs Venice PI, LLC, Headhunter LLC, MON LLC, LHF Productions, Inc., Cook Productions, LLC., Glacier Films 1, LLC, Colossal Movie Productions, LLC, Automata Productions, Inc., Criminal Productions, Inc., Dallas Buyers Club, LLC, Clear Skies Nevada, LLC, Bodyguard Productions, Inc., I.T. Productions, LLC, SVC Productions, Inc., Splintered, LLC, Cobbler Nevada, LLC, Justice Everywhere Productions, Inc., (collectively "Plaintiffs") to supplement their motion for a temporary restraining order (TRO) filed on May 23, 2018  [Doc. #4]. Specifically, the Court directed Plaintiff to supplement the TRO motion with counsel's written certification addressing the requirements in Rule 65(b)(1)(B).    Accordingly, Plaintiffs have submitted the Declarations of Counsel and of Michael Danley.  For the following reasons, the attached Declarations address the requirements of Rule 65(b)(1)(B).  Fed R. Civ. P. 65(b).

## II. <u>LEGAL STANDARD</u>

Rule 65(b)(1)(B) requires that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed R. Civ. P. 65(b)(1)(B).  Among the few circumstances in which Courts have justified the issuance of an *Ex Parte* TRO without notice is "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because

a known party cannot be located in time for a hearing." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir.1984).  The Ninth Circuit followed this reasoning in *Reno Air Racing Ass'n v. McCord* when deciding that a TRO was improperly granted because Plaintiff failed to demonstrate that notice is impossible or fruitless, as required for an *Ex Parte* TRO.  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless (citing Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974)).

## III.  <u>ARGUMENT</u>

According to regulations established by Internet Corporation for Assigned Names (hereafter: "ICANN"), an individual or entity which registers a domain name is required to provide complete and accurate registration information for the domain name.

> 2. Your Representations. By applying to register a domain name, or by asking us to maintain or renew a domain name registration, you hereby represent and warrant to us that (a) the statements that you made in your Registration Agreement are complete and accurate...

ICANN Uniform Domain Name Dispute Resolution Policy ¶ 2, https://www.icann.org/resources/pages/policy-2012-02-25-en, (last accessed May 29, 2018).  As explained in the Declaration of Counsel, Plaintiffs' counsel has attempted to contact each of the Defendants at: (1) the email address Defendants

provided as registrant for the domain as required by ICANN; and (2) the email address for the registrar that sold the domain name registration and is providing hosting services to the Defendants.  Plaintiffs' counsel has yet to receive a reply from any of the Defendants.   However, Defendant DOE 1 removed the website http://showboxappdownload.com/ after Defendant sent an email message to SHOWBOXAPPDOWNLOAD.COM@domainsbyproxy.com.

Further, with regards to Defendants DOES 2-4, Plaintiffs' counsel hired a process server in California to attempt to serve notice of the motion for TRO and the complaint at the office address provided on their website.  As explained in the Declaration of Michael Danley, the California address Defendants DOES 2-4 prominently show on their website does not exist.  Moreover, the entity "Showbox, Inc." itself also does not appear to exist, unless it is incorporated in a foreign country.

Finally, with regards to Defendant DOE 5, as shown in Exhibit 2 [Doc. #8-3] for Plaintiffs' Motion for Leave [Doc. #8], Defendant DOE 5 is associated with the company Media Ingea SL Sociedad Limitada in Spain.  Although Plaintiffs' counsel sent an email to this company and to their Registrar providing notice of the motion for TRO, official service will have to be performed in accordance with the requirements Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereafter: "Hague Service Convention").  To the extent that notification of the motion for TRO by email is not

sufficient, it will not be feasible to serve Media Ingea SL Sociedad Limitada in time for a hearing.

## IV. CONCLUSION

Accordingly, Plaintiffs have provided the certification of their efforts to contact the Defendants. Because Defendants DOES 1-4 and 6-10 continue to hide behind their anonymous registrants, notice is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing. Moreover, because Defendant DOE 5 is located in Spain, it will not be possible to serve Defendant DOE 5 in time for a hearing. Accordingly, Plaintiffs respectfully request that the Court enter the proposed temporary restraining order and preliminary injunction.

DATED: Kailua-Kona, Hawaii, June 3, 2018.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs