CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-5737 Kuakini Highway, Suite 102
Kailua-Kona, Hawai'i 96740
Telephone: (808) 322-3389
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC et. al., | **Case No.: 1:18-cv-00192-LEK-KSC** |
| | (Copyright) |
| Plaintiffs, | |
| vs. | **MEMORANDUM IN SUPPORT** |
| | **OF APPEAL OF MAGISTRATE** |
| DOE 1 et al. | **JUDGE'S ORDER DENYING** |
| | **PLAINTIFFS' EX PARTE** |
| Defendants. | **MOTION FOR LEAVE TO** |
| | **SERVE THIRD PARTY** |
| | **SUBPOENA PRIOR TO A RULE** |
| | **26(F) CONFERENCE** |

## MEMORANDUM IN SUPPORT OF MOTION

## I.    BACKGROUND

Plaintiffs Venice PI, LLC, Headhunter LLC, MON LLC, LHF Productions,

Inc., Cook Productions, LLC., Glacier Films 1, LLC, Colossal Movie Productions,

LLC, Automata Productions, Inc., Criminal Productions, Inc., Dallas Buyers Club,

LLC, Clear Skies Nevada, LLC, Bodyguard Productions, Inc., I.T. Productions,

LLC, SVC Productions, Inc., Splintered, LLC, Cobbler Nevada, LLC, and Justice Everywhere Productions, Inc., (collectively "Plaintiffs") are owners of the copyright in the motion pictures ("Works") shown in Exhibit 1 [Doc. #1-1] of the Complaint [Doc. #1].

Plaintiffs brought this action to stop the massive piracy of their Works brought on by the distribution and promotion of the software application Show Box (hereafter: the "Show Box app") by Defendants DOE 1 d/b/a showboxappdownload.com, DOE 2 d/b/a showboxappdownload.co, DOE 3 a/k/a Andy Crow, DOE 4 a/k/a Mark Willow, DOE 5 d/b/a show-box.en.uptodown.com/android, and DOES 6-10 (collectively "Defendants").  The Defendants misleadingly promote the Show Box app as a legitimate means for viewing content to the public, thereby placing hundreds of individuals in Hawaii in legal peril for copyright infringement while they hide behind a Columbian top-level domain in case of DOES 2-4, anonymous registrants (even in Panama in the case of DOES 2-4), false identities and addresses (DOES 2-4), and anonymous registrant services so that they can enjoy the gains from their illicit enterprise.  [*Id.* at ¶¶ 13-26].

Because Defendants have actively concealed their true identities, Plaintiffs cannot serve the Defendants with a summons for the Complaint or the motion for temporary restraining order [Doc. #4].  Accordingly, Plaintiffs sought leave of this

Court to serve third party subpoenas to obtain the Defendants' identities [Doc. #8].

Nonetheless, Magistrate Judge Kevin S.C. Chang denied Plaintiffs' motion in a

brief order (hereafter: the "Order") of May 24, 2018 [Doc. #9] which states,

"…Plaintiffs having failed to properly identify and apply legal standards relevant to

their request, the Ex Parte Motion is DENIED".  [Doc. #9].  However, as explained

below, Plaintiffs' motion identified and applied the legal standards.  Accordingly,

the Order is clearly erroneous and contrary to law.  As a result of this Order,

Plaintiffs will be unable to proceed against the Defendants who distribute and profit

from the Show Box app that induced individuals in Hawaii such as Mr. James Sosa

[Doc. #1-5] into infringing Copyright protected Works.  If this Order is not

reversed, Plaintiffs will be left only with the option of proceeding directly against

individuals that infringed the Works, an approach that has been criticized by this

Court, other Courts and numerous commentators. *See ME2 Productions, Inc. v.

Pumaras*, No. 1:17-00078, 2017 U.S. Dist. LEXIS 176913, 2017 WL 4707015(D.

Haw. Oct. 19, 2017).  *See also Cook Productions, LLC v. Stanley Szerlip*, No.

1:16-cv-00637, Doc. No. 56 at pp 9-10 (D. Haw. Oct. 30, 2017).  *See also Malibu

Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 87751, * 2 (S.D.N.Y. July 6, 2015)

(*quoting* Matthew Sag, Copyright Trolling, An Empirical Study, 100 Iowa L. Rev.

1105, 1108 (2015)).

Pursuant to Local Rules 74.1 and 74.3, and Fed. R. Civ. P. 72, Plaintiffs respectfully request this Court reverse the Magistrate Judge's Order and grant their motion for leave of this Court to serve third party subpoenas.

## II.   STANDARD OF REVIEW

Under Local Rule 74.1, a district judge may set aside a magistrate judge's order, or any portion thereof, found to be "clearly erroneous or contrary to law." LR 74.1; *see* Fed. R. Civ. P. 72. "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)) (internal quotation marks omitted). A district judge reviews a magistrate judge's legal conclusions *de novo*. *Lovell*, 728 F. Supp. 2d at 1100; *see* Fed. R. Civ. P. 72; LR 74.1. No deference is owed to the magistrate judge's conclusions. *See, e.g.*, *Sklar v. Commissioner*, 282 F.3d 610, 612 (9th Cir. 2002).

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). In rare situations, however, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v.*

*Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts permit early discovery when a plaintiff has established good cause. "Good cause" may be found where the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  The Ninth Circuit permits the use of discovery to ascertain the identities of unknown defendants, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. A three-factor test is employed in deciding whether to permit early discovery to identify defendants.

> First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Dallas Buyers Club, LLC v. Doe–72.199.251.97*, No. 15cv2033–BAS (DHB), 2015 WL 5675540, at *2 (S.D. Cal. Sept. 25, 2015) (quoting Columbia, 185 F.R.D. at 578-80) (internal citations omitted).  Courts have also considered whether the responding or opposing party would suffer prejudice, whether the expedited discovery would substantially contribute to the case moving forward, and whether the requested information is likely to lead to identifying information. *Patrick Collins, Inc. v. Does 1-1219*, No. C

10-14468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010); *AF Holdings, LLC v. Doe*, Civ. No. S-12-1078 GEB GGH, 2012 WL 1610185, at **2-3 (E.D. Cal. May 8, 2012).

Courts have found that good cause exists to permit "expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions." *AF Holdings*, 2012 WL 1610185, at *2 (citing *UMG Recordings, Inc. v. Doe.*, No. C-08-03999 RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); *Arista Records LLC v. Does 1-43*, Civil No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007)).

## III.   STATEMENT OF APPEAL

### A.   Plaintiffs identified the Defendants with Sufficient Specificity

In the memorandum in support of Plaintiffs' Motion [Doc. #8-1], Plaintiffs identified: Defendant DOE 1 as operating interactive website http://showboxappdownload.com as of May 15, 2018; Defendants DOES 2-4 operating an interactive website http://showboxappdownload.co as of May 15, 2018; Defendant DOE 5 operating an interactive website https://show-box.en.uptodown.com/android; and Defendants DOES 6-10 as having placed versions of the Show Box app available for download at the website: http://rawapk.com/showbox-apk-download/. *See* [Doc. #8-1 at pp. 2-4].

Moreover, in the Complaint Plaintiffs identified: Defendant DOE 3 as holding himself out as Andy Crow, the Chief Executive Officer (CEO) and founder

of the Show Box app [Doc. #1 ¶31]; and Defendant DOE 4 as holding himself out as Mark Willow, the owner and man behind showboxappdownload.co [*Id.* at ¶31].

Accordingly, Plaintiffs have identified the Defendants with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court.

**B.   Plaintiffs identified previous steps taken to locate the elusive Defendants**

In the memorandum in support of Plaintiffs' Motion [Doc. #8-1], Plaintiffs specifically stated that Defendants use Registrants to hide their identities. Specifically, Plaintiffs stated that: Defendant Doe 1 uses the Registrant "Domains By Proxy, LLC" to hide its true identity [*Id.* at p. 3]; Defendants DOES 2-4 use the registrant "WhoisGuard, Inc." in the foreign country of Panama [Id.] to hide their identities; and, with respect to Defendants DOES 6-10, Plaintiffs stated that the website http://rawapk.com/showbox-apk-download/ also uses the registrant Domains By Proxy, LLC in Arizona to hide its identity. [*Id.* at p. 4]; [Doc. #8-1].

Defendant DOE 5, who operates the interactive website https://show-box.en.uptodown.com/android, on the other hand, does not include an anonymous registrar.  In response to this Courts' Order of May 25, 2018 [Doc. #10] regarding the motion for a temporary restraining order (hereafter: "TRO"), Plaintiffs' Counsel attempted to contact Media Ingea SL Sociedad Limitada via the email

address contacto@uptodown.com and info@interdominios.com which they

provided to the Internet Corporation for Assigned Names (hereafter: "ICANN")

[Doc. #8-2] to give notice of the TRO. [Doc. #12- 1]. According to regulations

established by ICANN, an individual or entity which registers a domain name is

required to provide complete and accurate registration information for the domain

name.

> 2. Your Representations. By applying to register a domain name, or by asking us to maintain or renew a domain name registration, you hereby represent and warrant to us that (a) the statements that you made in your Registration Agreement are complete and accurate...

ICANN Uniform Domain Name Dispute Resolution Policy ¶ 2,

https://www.icann.org/resources/pages/policy-2012-02-25-en, (last accessed May

29, 2018). Plaintiffs' counsel has received no reply from Media Ingea SL

Sociedad Limitada besides an automatic response. [Doc. #12-1 at ¶12]. Similarly,

Plaintiffs' counsel sent an email to each of the addresses provided to ICANN for

Defendants DOES 1-4 as shown below to no avail:

| DEFENDANT | WEBSITE | EMAIL ADDRESS |
|---|---|---|
| DOE 1 | showboxappdownload.com | SHOWBOXAPPDOWNLOAD. COM@domainsbyproxy.com |
| DOE 1 | showboxappdownload.com | abuse@godaddy.com |
| DOES 2-4 | showboxappdownload.co | abuse@namecheap.com |
| DOES 2-4 | showboxappdownload.co | 0e6828239254419aa75ec44c17414b1b.protect @whoisguard.com |

| DOE 5 | show-box.en.uptodown.com | info@interdominios.com |
| DOE 5 | show-box.en.uptodown.com | contacto@uptodown.com |
| DOES 6-10 | rawapk.com | rawapk.com@domainsbyproxy.com |
| DOES 6-10 | rawapk.com | abuse@godaddy.com |

[Id. at ¶¶ 3-4, 8-13].

Accordingly, Plaintiff has identified the specific steps taken to identify the Defendants.

## C.  Plaintiffs' Suit Against Defendants Can Withstand a Motion to Dismiss.

Plaintiffs have made a *prima facie* case of contributory copyright infringement.  The Supreme Court's unanimous decision in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, Ltd., 545 U.S. 913 (2005), makes clear that where, as here, a defendant distributes a product "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement," the defendant "is liable for the resulting acts of infringement by third parties." *Id.* at 936-37.  Plaintiffs have alleged that they own and registered the copyrights of the subject works [Doc. #1 at ¶45], that the Defendants distribute the software application Show Box app and promote Show Box app for its infringing purpose [*Id.* at ¶¶ 49-73].  Plaintiffs' investigator has confirmed that

each of their Works are available via the Show Box app. [Doc. #1-4]. Finally, Plaintiffs have alleged that specific individuals were induced by Defendants to install the Show Box app and use it to infringe Plaintiffs' Works, thus Plaintiffs have suffered resulting damage.  Particularly, Plaintiffs have submitted a declaration of James Sosa in which he details how he was induced to infringe the Work *Singularity* due to Defendant DOE 1's misleading website. [Doc. #1-5]. Accordingly, Plaintiffs have made a *prima facie* showing of contributory infringement.

**D.  Plaintiffs' Request identified a limited number of persons and the reasonable likelihood that each will lead to identifying information.**

Plaintiff sought permission to serve a third-party subpoena on a limited number of parties so that Defendants' true identities may be ascertained as shown below.

1. The Registrant Domain By Proxy, LLC to obtain identification information for the true registrants of SHOWBOXAPPDOWNLOAD.COM and RAWAPK.COM.   The Registrant will have the true identification information for these Defendants DOE 1 and 6-10.

2.  The Registrar GoDaddy.com, LLC. to obtain identification information for the true registrants of SHOWBOXAPPDOWNLOAD.COM and RAWAPK.COM.  The Registrar will have the true identification information for

these Defendants.   This information should lead to the identification of at least Defendants DOE 1 and 6-10.

3. The Registrant WhoisGuard, Inc. d/b/a WhoisGuard Protected (a Panamanian Company) to obtain identification information for the true registrant of SHOWBOXAPPDOWNLOAD.CO.  The Registrant will have the true identification information for Defendants DOE 2-4.

4.  The Registrar NameCheap, Inc. to obtain identification information for the true registrant of SHOWBOXAPPDOWNLOAD.CO.  The Registrar will have the true identification information for these Defendants. This information should lead to the identification of at least Defendants DOE 2-4.

5. Google, Inc. d/b/a Gmail.com to obtain identification information for the subscriber of the email address: movieappsfreaks@gmail.com.  Defendant DOE 2 uses this email address to solicit and receive solicitations for partnership or advertising offers with the Show Box app. [Doc. #1 at ¶27]. Therefore, Google (the provider of the gmail email service) will have identification information for DOE 2.

6. RAWAPK.COM to obtain identification information for the parties who have placed versions of the Show Box app available for download at the website: http://rawapk.com/showbox-apk-download/.  This information will lead to the identification of at least Defendants DOE 6-10.

**D.  The Defendants and their Registrars and/or Email Providers will not Suffer Prejudice.**

The Defendants and their Registrars and Email providers will not suffer prejudice if Plaintiffs' motion is given.  Rather, each will have its own opportunity to make a motion to quash per Fed. R. Civ. P. 45.  On the other hand, Plaintiffs will be severely prejudiced because they will be unable to proceed against the Defendants who distribute and profit from the Show Box app.

## IV.  CONCLUSION

Contrary to the conclusion in Magistrate Judge Kevin S.C. Chang's Order, Plaintiffs properly identified and applied legal standards relevant to their request. Particularly, Plaintiffs identified the factors the Courts in the Ninth Circuit have considered in determining whether "good cause" has been shown for the party's need for expedited discovery and applied them to the facts of the present case.  That is, the potential prejudice to the Plaintiffs is extreme while that to the Defendants is low, if any.  Accordingly, the Order is clearly erroneous and contrary to law.  For the foregoing reasons, the Court should reverse the denial and grant Plaintiffs' request for leave to to issue Rule 45 subpoenas to Domain By Proxy, LLC, WhoisGuard, Inc. d/b/a WhoisGuard, RAWAPK.COM, GoDaddy.com, LLC, NameCheap, Inc. and Google, Inc. d/b/a Gmail.com.

DATED: Kailua-Kona, Hawaii, June 3, 2018.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs