# MINUTES

CASE NUMBER:   CIVIL NO. 18-00192LEK-KSC

CASE NAME:   Venice PI, LLC, et al. Vs. Doe 1, doing business as showboxappdownload.com, et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

---

JUDGE:   Leslie E. Kobayashi          REPORTER:

DATE:   06/08/2018                    TIME:

---

COURT ACTION:  EO: COURT ORDER DENYING PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER PURSUANT TO FED. R. CIV. P. 65(B)(1)

On May 23, 2018, Plaintiffs Venice PI, LLC; Headhunter, LLC; MON, LLC; LHF Productions, Inc.; Cook Productions, LLC; Colossal Movie Productions, LLC; Automata Productions, Inc.; Criminal Productions, Inc.; Clear Skies Nevada, LLC; Bodyguard Productions, Inc.; I.T. Productions, LLC; SVZ Productions, Inc.; Splintered, LLC; Cobbler Nevada, LLC; and Justice Everywhere Productions, Inc. (collectively "Plaintiffs") filed their Complaint and Application for Entry of Temporary Restraining Order and Preliminary Injunction ("TRO Motion").  [Dkt. nos. 1, 4.]  This Court has deferred consideration of Plaintiffs' request for a preliminary injunction until after their request for a TRO is resolved.  [EO: Court Order Regarding Pltfs.' Application for Entry of Temporary Restraining Order and Preliminary Injunction, filed 5/25/18 (dkt. no. 10) ("5/25/18 EO"), at 1.]

Pursuant to Fed. R. Civ. P. 65(b)(1), Plaintiffs seek a TRO without notice to the adverse parties.  In the 5/25/18 EO, this Court directed Plaintiffs to supplement the TRO Motion with materials addressing the requirements of Rule 65(b)(1)(B).  [Id.] On June 3, 2018, Plaintiffs filed a supplemental memorandum in support of the Motion ("Supplemental Memorandum").  [Dkt. no. 12.]

Rule 65(b)(1) states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

    (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

This Court has reviewed the TRO Motion and the Supplemental Memorandum and concludes that: Plaintiffs have not established they will suffer "immediate and irreparable injury, loss, or damage" before the defendants have the opportunity to oppose the TRO Motion; and Plaintiffs have not established why notice to the defendants should not be required.

  To the extent Plaintiffs seek a TRO without notice to the defendants, the TRO Motion is DENIED.  The remainder of Plaintiffs' TRO Motion will be held in abeyance until after Plaintiffs complete service on one or more of the defendants.  After Plaintiffs have completed service on a defendant, Plaintiffs may request that the TRO Motion be set for hearing as to that defendant.

  IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager