CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-5737 Kuakini Highway, Suite 102
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 322-3389
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC et. al., </br></br>  Plaintiffs,</br> vs.</br></br> DOE 1 et al.</br></br>  Defendants. | **Case No.: 1:18-cv-00192-LEK-KSC**</br>  (Copyright)</br></br> PLAINTIFFS' SECOND MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' SECOND *EX PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE [DOC. #23] |

PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' SECOND *EX PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE [DOC. #23]

Plaintiffs Venice PI, LLC, Headhunter LLC, MON LLC, LHF Productions, Inc., Cook Productions, LLC., Glacier Films 1, LLC, Colossal Movie Productions, LLC, Clear Skies Nevada, LLC, Bodyguard Productions, Inc., I.T. Productions, LLC, Cobbler Nevada, LLC, Justice Everywhere Productions, Inc., (collectively

1

"Plaintiffs"), by and through their attorney, Kerry S. Culpepper, move this honorable court, a second time, for Reconsideration of the Order Denying Plaintiffs' Second *Ex Parte* Motion [Doc. #23] (hereafter: "Order") on the grounds that the Court's decision was based on manifest error of fact. Particularly, Plaintiffs' Second *Ex Parte* Motion [Doc. #22] (hereafter: the "Motion") clearly asserted that this Court has jurisdiction of Defendants DOES 1-4 and 6-10 because they operate an interactive website. Further, the Motion included documents clearly linking Digital Ocean, LLC to the website http://showboxappdownload.co.

I.   **STANDARD OF REVIEW**

Local Rule 60.1 governs motions for reconsideration of interlocutory orders. For the Court to reconsider an interlocutory order, Plaintiffs must establish: (a) the discovery of new material facts not previously available; (b) an intervening change in law; or (c) manifest error of law or fact. LR 60.1. This Court has stated that,

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hele Ku KB, LLC v. BAC Home Loans Servicing*, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered

evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F. 3d 805, 807 (9th Cir. 2004).

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai'i Jan. 21, 2015) (citation omitted).

## II.     REASONS FOR RECONSIDERATION

The Order states that Plaintiffs "have not provided any additional information concerning Doe Defendants 1 and 6-10". [Doc. #23]. However, Judge Kobayashi denied Plaintiffs' appeal because Plaintiffs did not identify "Defendants with enough specificity to enable this Court to *determine that Defendants are subject to this Court's jurisdiction*." [Id. at p. 8] (emphasis added). In the Motion, Plaintiffs asserted that this Court has personal jurisdiction of Doe Defendants 1 and 6-10 because "Defendants' websites are interactive websites sufficient to establish personal jurisdiction as discussed in *Cybersell*." [Doc. #22-1 at p. 9]. Further, Exhibit 5 to the Motion shows the IP addresses and hit dates associated with Clinton Bovee, James Sosa, and Plaintiffs' investigator Waymond Ngai to show that they all used the Show Box software application from Hawaii to make copies of the Works. [Doc. #22-5]. Accordingly, Plaintiffs respectfully submit that the Motion does indeed identify Defendants with enough specificity to enable the Court to determine that Defendants are subject to the Court's jurisdiction.

The Order also states that "the documents purportedly establishing the relationship contain no information linking Digital Ocean, LLC to http://showboxappdownload.co." [Doc. #23]. However, Exhibit 1 to the Motion shows that the website www.whoishostingthis.com indicates that Digital Ocean hosts showboxappdownload.co. [Doc. #22-3]. The relevant portion of Exhibit 1 is reshown below.

**showboxappdownload.co is hosted by Digital Ocean**

Exhibit "1"

Moreover, as shown in Exhibit 2 to the Motion, Digital Ocean stated in an email that their "staff member has reviewed the details and located the associated account" in response to Plaintiffs' Counsel request for the operator of the website showboxappdownload.co. [Doc. #22-2 at ¶2]. Thus, Digital Ocean *themselves* have said that they have the identification information for the operators of showboxappdownload.co, and thus that of Doe Defendants 2-4. Accordingly, Plaintiffs respectfully submit that at least these documents clearly link Digital Ocean, LLC to http://showboxappdownload.co.

The Court further noted that "no information was provided as to Doe Defendant 5". However, the Plaintiffs did not request any early discovery on third parties to identify Doe Defendant 5 in the Motion.

Finally, in the Order the Court expressed concern that Plaintiffs omitted the information that "Doe Defendants 2-4 use a Columbian top-level domain and a registrant in Panama" in the Motion. [Doc. #23]. Plaintiffs continue to make this assertion. However, in the Motion Plaintiffs only requested early discovery on Digital Ocean, LLC (a US company) rather than the registrant WhoisGuard, Inc. in Panama as requested in the first Motion. [Doc. #8-1 at 9].

### III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court reconsider the order denying Plaintiffs' Second *Ex Parte* Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference.

DATED: Kailua-Kona, Hawaii, August 14, 2018.

                    CULPEPPER IP, LLLC

                    /s/ Kerry S. Culpepper
                    Kerry S. Culpepper

                    Attorney for Plaintiffs